FILED'06 AUG 28 16:24USDC-ORP

**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF OREGON**

| | |
|---|---|
| **ALGIA MOORE-THOMAS,**<br>**individually and on behalf of**<br>**all others similarly**<br>**situated,** | **06-CV-652-BR**<br><br>**OPINION AND ORDER** |

        **Plaintiffs,**

**v.**

**ALASKA AIRLINES, INC., a**
**Foreign Corporation,**

        **Defendant.**

**GARY ABBOTT PARKS**
**J. DANA PINNEY**
**A.E. BUD BAILEY**
Bailey Pinney & Associates, LLC
1498 S.E. Tech Center Place, Suite 290
Vancouver, WA   98683
(360) 567-2551

        Attorneys for Plaintiffs

1 - OPINION AND ORDER

**JOHN F. NEUPERT**
**TAMARA E. RUSSELL**
**JENNIFER J. ROOF**
Miller Nash LLP
3400 U.S. Bancorp Tower
111 S.W. Fifth Avenue
Portland, OR  97204-3699
(503) 224-5858

         Attorneys for Defendant


**BROWN, Judge.**

     This matter comes before the Court on Defendant's Motion to
Dismiss for Lack of Jurisdiction (#5) and Plaintiffs' Motion to
Remand to State Court for Lack of Jurisdiction (#11).  For the
reasons that follow, the Court **GRANTS** Defendant's Motion and
**DENIES** Plaintiffs' Motion.


                         **BACKGROUND**

     On March 23, 2006, Plaintiffs[1] filed a class-action
complaint against Defendant Alaska Airlines in Multnomah County
Circuit Court.  Plaintiffs assert Defendant willfully failed to
pay to Plaintiff and other former employees all wages due on
termination of their employment with Defendant in violation of
Or. Rev. Stat. § 652.140.  Plaintiff seeks statutory penalties,
costs and disbursements, and reasonable attorneys' fees on behalf
of herself and all others similarly situated.

    _____

     [1] Although Plaintiffs filed this as a class-action
complaint, the Court has not yet certified the class.

2 - OPINION AND ORDER

On May 5, 2006, Defendant removed this action to federal court on the ground that Plaintiffs' claims arise under federal law because the Railway Labor Act (RLA), 45 U.S.C. § 151, *et seq.*, "completely preempts" Plaintiffs' claims.

On May 10, 2006, Defendant filed a Motion to Dismiss on the ground that the Court lacks subject-matter jurisdiction due to the mandatory arbitration provisions of the RLA. On May 19, 2006, Plaintiffs filed a Motion to Remand this matter to state court on the ground that the RLA does not completely preempt their claims, and, therefore, this Court lacks subject-matter jurisdiction.

## STANDARDS

### I. Removal

Pursuant to 28 U.S.C. § 1441, an action filed in state court may be removed to federal court if the federal court would have had original subject-matter jurisdiction over the action. Federal courts have original jurisdiction over "all civil actions arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331.

To determine whether an action arises under federal law, a court generally must apply the "well-pleaded complaint rule." *Toumajian v. Frailey*, 135 F.3d 648, 652 (9th Cir. 1998)(citing *Metropolitan Life Ins. Co. v. Taylor*, 481 U.S. 58, 63 (1987)).

3 - OPINION AND ORDER

Under this rule, a claim arises under federal law only when the plaintiff's well-pleaded complaint raises issues of federal law. *Id.*

A corollary to the well-pleaded complaint rule is the doctrine of complete preemption. *Id.* The complete preemption doctrine provides: "[O]n occasion . . . the pre-emptive force of a statute is so extraordinary that it converts an ordinary state common-law complaint into one stating a federal claim for purposes of the well-pleaded complaint rule." *Rutledge v. Seyfarth, Shaw, Fairweather & Geraldson*, 201 F.3d 1212, 1215 (9th Cir.), *as amended by* 208 F.3d 1170 (9th Cir.), *cert. denied*, 531 U.S. 992 (2000). If a federal cause of action completely preempts a state-law claim, any complaint that contains allegations within the scope of the federal cause of action necessarily "arises under" federal law for purposes of determining removal jurisdiction. *Franchise Tax Bd. of the State of Cal. v. Const. Laborers Vacation Trust for So. Cal.*, 463 U.S. 1, 24 (1983).

A motion to remand is the proper procedure for challenging removal. *No. Cal. Dist. Council of Laborers v. Pittsburgh-Des Moines Steel Co.*, 69 F.3d 1034, 1038 (9th Cir. 1995). The removal statute is strictly construed, and any doubt about the right of removal is resolved in favor of remand. *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992)(citations omitted). The

4 - OPINION AND ORDER

presumption against removal means "the defendant always has the burden of establishing that removal is proper." *Id.* (citations omitted).

The court generally is limited to the face of the complaint when determining removability. When a defendant asserts complete preemption as the basis for removal, however, the court may examine the defendant's removal notice and supporting affidavits to clarify whether the plaintiff presents a claim that, in fact, arises under federal law. *Schroeder v. Trans World Airlines, Inc.*, 702 F.2d 189, 191 (9th Cir. 1983).

## II. Dismissal

When deciding a motion to dismiss for lack of subject-matter jurisdiction under Rule 12(b)(1), the court may consider affidavits and other evidence supporting or attacking the complaint's jurisdictional allegations. *St. Clair v. City of Chico*, 880 F.2d 199, 201 (9th Cir. 1989). The court may permit discovery to determine whether it has jurisdiction. *Data Disc, Inc. v. Sys. Tech. Assoc., Inc.*, 557 F.2d 1280, 1285 (9th Cir. 1977). The court has broad discretion in granting discovery and may narrowly define the limits of such discovery. *Id.* If a plaintiff's proof of jurisdictional facts is limited to written materials, it is necessary only for these materials to establish a prima facie showing of jurisdiction. *Societe de Conditionnement en Aluminium v. Hunter Eng'g Co., Inc.*, 655 F.2d

938, 942 (9th Cir. 1981)(citing *Data Disc, Inc.*, 557 F.2d at 1284-85).

## DISCUSSION

### I.  Jurisdiction under the RLA

The RLA is a comprehensive and detailed framework for resolving labor disputes in the railroad and airline industries. 45 U.S.C. §§ 152-53, 181.  "Congress' purpose in passing the RLA was to promote stability in labor-management relations by providing a comprehensive framework for resolving labor disputes."  *Hawaiian Airlines, Inc. v. Finazzo*, 512 U.S. 246, 252 (1994)(citations omitted).  To that end, the RLA requires mandatory arbitration of all disputes "growing out of grievances or out of the interpretation or application of agreements concerning rates of pay, rules or working conditions."  45 U.S.C. § 153 First (i).  The RLA governs labor disputes that "involve 'controversies over the meaning of an existing collective bargaining agreement in a particular fact situation.'"  *Id.* at 253 (quoting *Trainmen v. Chicago R. & I.R. Co.,* 353 U.S. 30, 33 (1957)).

The RLA requires disputes over wages to be submitted to internal dispute-resolution processes and then to a division of the Adjustment Board or an arbitration board selected by the parties.  45 U.S.C. §§ 152-53.  Judicial review of the Adjustment

6 - OPINION AND ORDER

Board's determination is "among the narrowest known to the law." *Union Pac. Railway Co. v. Sheehan*, 439 U.S. 89, 93-94 (1978).

The Ninth Circuit has held if a state-law claim falls within the scope of the RLA's dispute provisions, it is converted into a federal claim under the RLA for purposes of removal jurisdiction. *Schroeder v. Trans World Airlines, Inc.*, 702 F.2d 189, 191 (9th Cir. 1983).

Accordingly, if Plaintiffs' claims fall within the scope of the RLA's dispute provisions, Plaintiffs' state-law claims are converted to federal claims under the RLA and removal of Plaintiffs' state-law claims to federal court would be proper. *Id.* at 192.

## II.   Plaintiffs' State-Law Claims Fall Within the Scope of the RLA's Dispute Provisions, and, therefore, Removal Was Proper.

Defendant contends Plaintiffs' state-law claims are completely preempted by the RLA.  Plaintiffs, however, argue their claims are brought only under state law, and, therefore, they are not completely preempted by the RLA.

### A.   Complete Preemption under the RLA

In *Hawaiian Airlines*, the Supreme Court concluded the preemption standard in the RLA context "is virtually identical to the pre-emption standard the Court employs in cases involving § 301 of the LMRA [Labor Management Relations Act], 29 U.S.C. § 185."  512 U.S. at 260.  LMRA § 301 completely preempts "claims

7 - OPINION AND ORDER

founded directly on rights created by collective bargaining
agreements, and also claims substantially dependent on analysis
of a collective bargaining agreement." *Cramer v. Consol.
Freightways, Inc.*, 255 F.3d 683, 689 (9th Cir. 2001).

A plaintiff's claim is completely preempted if it
cannot be resolved without interpreting a collective bargaining
agreement (CBA). *Id.* at 691. On the other hand, "as long as the
state-law claim can be resolved without interpreting the
agreement itself, the claim is independent of the agreement for
. . . pre-emption purposes." *Hawaiian Airlines*, 512 U.S. at 262.

In addition, when a defendant argues a provision of the
CBA is relevant to the plaintiff's claim, the court may "look to"
the CBA to determine whether any of its terms are reasonably in
dispute without actually "interpreting" the CBA and, therefore,
without triggering complete preemption. *Cramer*, 255 F.3d at 691-
92.

### B.   The CBA Governs Plaintiffs' State-Law Claims.

Although Plaintiffs contend Defendant failed to pay all
wages due to Plaintiffs on termination of their employment with
Defendant in violation of Or. Rev. Stat. § 652.140, Plaintiffs do
not dispute that a CBA between Defendant and Clerical, Office &
Passenger Service Employees of Alaska Airlines applied to
Plaintiffs' employment with Defendant. The issue, therefore, is
whether Plaintiff's state-law claims are substantially dependent

8 - OPINION AND ORDER

on an interpretation of the CBA.

Or. Rev. Stat. § 652.140 contains several provisions related to the payment of wages.  Plaintiffs do not specify in their Complaint whether they allege violations of Or. Rev. Stat. § 652.140(1), (2) whether they terminated their employment with Defendant unilaterally or by mutual agreement, or (3) whether Defendant discharged them.

Subsections (1) and (2) of § 652.410 provide:

> (1) When an employer discharges an employee or when employment is terminated by mutual agreement, all wages earned and unpaid at the time of the discharge or termination become due and payable not later than the end of the first business day after the discharge or termination.

> (2)(a) When an employee who does not have a contract for a definite period quits employment, all wages earned and unpaid at the time of quitting become due and payable immediately if the employee has given to the employer not less than 48 hours' notice, excluding Saturdays, Sundays and holidays, of intention to quit employment.

> (b). . . . if the employee has not given to the employer the notice described in paragraph (a) of this subsection, the wages become due and payable within five days, excluding Saturdays, Sundays and holidays, after the employee has quit, or at the next regularly scheduled payday after the employee has quit, whichever event first occurs.

An exception to these general rules is found in § 652.140(5), which provides:

> [§ 652.140] does not apply to employment for which a collective bargaining agreement

9 - OPINION AND ORDER

> otherwise provides for the payment of wages
> upon termination of employment.

In *Smoldt v. Henkels & McCoy, Inc.*, the Oregon Supreme Court recently analyzed this exception and concluded § 652.140(5) excused "an employer from the requirements found in other parts of Or. Rev. Stat. § 652.140   . . . only if a CBA affirmatively provides different requirements regarding wage payments on termination of employment." 334 Or. 507, 511 (2002).

Defendant contends Article 19 of the CBA provides different requirements regarding wage payments for Plaintiffs on termination of their employment. According to Defendant, the CBA, therefore, meets the requirements of § 652.140(5), and Defendant is excused from the requirements of § 652.149(1) and (2).

Article 19 of the CBA provides in pertinent part:

> Employees leaving the service of the Company
> with proper notice will be given their final
> check within forty-eight (48) hours after
> final clearance at points where payroll
> offices are located or mailed within seventy-
> two (72) hours at other points, or earlier
> when possible.

The CBA also requires Defendant to provide a final paycheck after "final clearance" even though Or. Rev. Stat. § 652.140 requires a final paycheck to be issued either at the time of termination or within one business day of termination. In addition, the CBA allows Defendant 72 hours to mail a final paycheck in certain circumstances, but § 652.140 does not contain a similar provision

10 - OPINION AND ORDER

for mailing.

In summary, Article 19 of the CBA "affirmatively provides different requirements" than § 652.140(1) and (2) "regarding wage payments on termination of employment." Accordingly, pursuant to Or. Rev. Stat. § 652.140(5), the provisions of § 652.140(1) and (2) do not apply here, and payment of Plaintiffs' final wages is governed by the CBA.

Nevertheless, Plaintiffs contend Article 19 of the CBA does not govern their state-law claims because "Plaintiff was terminated by Defendant, and therefore did not 'voluntarily terminate' Named Plaintiff's employment [*sic*]. The alleged CBA does not cover payment of wages where the employer unilaterally terminates the employee."

To determine whether the CBA governs Plaintiffs' state-law claims, however, would "necessarily require[] the court to interpret an existing provision of a CBA that can reasonably be said to be relevant to the resolution of the dispute." *Cramer,* 255 F.3d at 693. The need for such an analysis by the Court would establish that Plaintiffs' wage claims are "inextricably intertwined" with an interpretation of the CBA and, therefore, are preempted under the RLA. *See, e.g., Baumgardner v. Smurfit-Stone Container Corp.*, 347 F. Supp. 2d 927, 936 (D. Or. 2004). *See also Cramer,* 255 F.3d at 693.

In summary, here the CBA "affirmatively provides

11 - OPINION AND ORDER

different requirements" than the provisions of § 652.140(1) and
(2) "regarding wage payments on termination of employment."  As a
result, the provisions of § 652.140(1) and (2) do not apply
pursuant to Or. Rev. Stat. § 652.140(5), and the CBA governs
Plaintiffs' state-law claims.  Accordingly, Plaintiffs' wage
claims are preempted by the RLA; Plaintiffs' wage claims are
converted into federal claims under the RLA; and removal was
proper.

On this record, therefore, the Court denies Plaintiff's
Motion to Remand.

## III.  The Court Must Dismiss Plaintiffs' Claims For Lack of Subject-Matter Jurisdiction.

As noted, the RLA requires mandatory arbitration of all
disputes "growing out of grievances or out of the interpretation
or application of agreements concerning rates of pay, rules or
working conditions."  45 U.S.C. § 153 First (I).  The RLA
requires disputes over wages to be submitted to internal dispute-
resolution processes and then to a division of the Adjustment
Board or an arbitration board selected by the parties.  45 U.S.C.
§§ 152-53.  Only after "the grievance has been heard by the
adjustment board [does] exclusive jurisdiction rest[] with the
federal court."  *Schroeder*, 702 F.2d at 192.

Here Plaintiffs' claims fall within the scope of the RLA's
dispute provisions.  Plaintiffs' claims, therefore, are converted
into federal claims under the RLA and must be arbitrated pursuant

12 - OPINION AND ORDER

to the provisions of the RLA.  Because the parties have not
arbitrated these claims pursuant to the RLA, this Court presently
lacks subject-matter jurisdiction.

Accordingly, the Court grants Defendant's Motion to Dismiss
for Lack of Subject Matter Jurisdiction.

<b><u>CONCLUSION</u></b>

For these reasons, the Court **GRANTS** Defendant's Motion to
Dismiss for Lack of Jurisdiction (#5) and **DENIES** Plaintiffs'
Motion to Remand to State Court for Lack of Jurisdiction (#11),

IT IS SO ORDERED.

DATED this 28th day of August, 2006.


_____
ANNA J. BROWN
United States District Judge

13 - OPINION AND ORDER